IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

**MICHAEL GARCIA,**

        **Plaintiff,**

**v.**                                                                      **CIV 02-1268 LAM**

**JO ANNE B. BARNHART,**
**Commissioner, Social Security Administration,**

        **Defendant.**

# MEMORANDUM OPINION AND ORDER

      **THIS MATTER** is before the Court on Plaintiff's Motion to Reverse and Remand for a Rehearing (*Doc. 17*). In accordance with 28 U.S.C. § 636(c)(1) and FED. R. CIV. P. 73(b), the parties have consented to having the undersigned United States Magistrate Judge conduct all proceedings and enter final judgment in this case. The Court has reviewed Plaintiff's motion and the memorandum in support of the motion (*Doc. 18*), Defendant's response to the motion (*Doc. 21*), Plaintiff's reply to the response (*Doc. 22*), and relevant law. Additionally, the Court has carefully reviewed and considered the entire administrative record (hereinafter "*Record*" or "*R.*"). For the reasons set forth below, the Court **FINDS** that Plaintiff's motion should be **GRANTED**, and this case **REMANDED** to the Commissioner of Social Security (hereinafter "Commissioner") for further proceedings, including a rehearing, if necessary, consistent with this Memorandum Opinion and Order.

## I.  Procedural History

Plaintiff, Michael Garcia, filed applications for disability insurance benefits and supplemental security income payments on December 22, 1993. (*R. at 30-32, 34-35.*)  In connection with his applications, he alleged a disability since November 22, 1993, due to a heart attack and heart bypass surgery. (*R. at 30, 34, 91.*)  There is also evidence in the *Record* that Plaintiff has impaired cognitive functioning and suffers from depression and asthma. (*R. at 445, 123-124, 363.*)  Plaintiff is also status post bilateral carpal tunnel release surgery (*R. at 490*) and has some history of alcohol abuse. (*R. at 365*).

Plaintiff's applications were denied at the initial and reconsideration levels. (*R. at 36-37, 46, 59, 80.*)  An administrative law judge conducted a hearing on November 21, 1995. (*R. at 261-289.*)  In a decision entered on April 3, 1996, the administrative law judge found Plaintiff was not disabled at step five of the sequential analysis set forth in 20 C.F.R. §§ 404. 1520 and 416.920. (*R. at 16.*)  In connection with this, the administrative law judge found that Plaintiff had "a residual functional capacity for at least sedentary work," and that "[n]on-exertional factors have not significantly altered this work capacity." (*R. at 15.*)  Plaintiff filed a request for review and on January 27, 1997, the Appeals Council issued its decision denying his request and upholding the decision of the administrative law judge. (*R. at 3-4.*)  Plaintiff subsequently filed a complaint for court review of the administrative law judge's decision on February 28, 1997. (*R. at 311-312.*)  On January 14, 1998, this Court entered an order remanding Plaintiff's case to the Commissioner to: (1) "reassess Plaintiff's residual functional capacity in light of his combined exertional and nonexertional impairments;" (2) "following such reassessment, to determine whether or not the medical-vocational guidelines may be applied;" and, (3) if the medical vocational-guidelines may not be applied, "conduct additional

proceedings to include obtaining expert vocational testimony or other similar evidence to establish whether or not there exist jobs in the national economy which Plaintiff has the residual functional capacity to perform." (*R. at 330-331.*)

On March 20, 1998, the Appeals Council issued an order remanding Plaintiff's case to an administrative law judge for further administrative proceedings consistent with the Court's order. (*R. at 332-333.*) Two supplemental administrative hearings were held on May 27, 1999, and December 13, 1999. (*R. at 524-529, 512-523.*) Plaintiff was represented at the hearings by an attorney. (*R. at 524, 512.*) On November 28, 2000, a second administrative law judge (hereinafter "ALJ") issued his decision unfavorable to Plaintiff. (*R. at 297-306.*) The ALJ found that Plaintiff was not disabled at step five of the sequential analysis and made the following findings, *inter alia*, with regard to Plaintiff: (1) he has not engaged in substantial gainful activity since the alleged onset of disability; (2) he has an impairment or combination of impairments considered "severe"[1]; (3) his impairments, alone or in combination, do not meet or medically equal one or more listed impairments; (4) his allegations regarding his limitations are not totally credible; (5) all medical opinions in the record regarding the severity of his impairments have been carefully considered; (6) he has the residual functional capacity for a full range of light work; (7) he is unable to perform any of his past relevant work; (8) he is a younger individual with a high school education; (9) he has no transferable skills from past relevant work and/or the transferability of skills is not an issue in this case; (10) based on his exertional capacity for light work and his age, education and work experience, a finding of "not

---

[1] The ALJ concluded that the medical evidence indicated Plaintiff has the following impairments: (1) status post myocardial infarction; (2) status post quadruple bypass surgery; (3) status post bilateral carpal tunnel release surgery; (4) depression; (5) impaired cognitive functioning ; and (6) a history of alcohol abuse. (*R. at 299.*)

disabled" is directed by Medical-Vocational Rules 202.20, 202.21 and/or 202.22; and (11) he was not under a "disability," as defined in the Social Security Act, at any time through the date of the decision. (*R. at 305-306.*) The ALJ also found that alcohol abuse was a material factor contributing to a finding of disability. (*R. at 304.*) Plaintiff filed a request for review with the Appeals Council on January 4, 2001, and the Appeals Council declined jurisdiction on September 23, 2002. (*R. at 292-293, 290-291.*) On October 8, 2002, Plaintiff filed his complaint in this action. (*Doc. 1.*)

## II.  Standard of Review

The standard of review in this Social Security appeal is whether the Commissioner's final decision is supported by substantial evidence and whether she applied the correct legal standards. *See Hamilton v. Sec'y. of Health & Human Services*, 961 F.2d 1495, 1497-1498 (10th Cir. 1992). Evidence is substantial if "a reasonable mind might accept [it] as adequate to support a conclusion." *Andrade v. Sec'y. of Health and Human Services*, 985 F.2d 1045, 1047 (10th Cir. 1993) (quoting *Broadbent v. Harris*, 698 F.2d 407, 414 (10th Cir. 1983) (further citation omitted)). Substantial evidence is more than a mere scintilla of evidence but less than a preponderance. *See, e.g., Sisco v. U. S. Department of Health and Human Services*, 10 F.3d 739, 741 (10th Cir. 1993). In making the substantial evidence determination on review, the Court may not re-weigh the evidence or substitute its judgment for that of the Commissioner. *Glass v. Shalala*, 43 F.3d 1392, 1395 (10th Cir. 1994).

## III.  Discussion/Analysis

Plaintiff contends that the ALJ: (1) erred in his evaluation of Plaintiff's mental and physical impairments in determining Plaintiff's residual functional capacity (hereinafter "RFC"); and (2) erred in his evaluation of the evidence of alcohol abuse. Plaintiff asks the Court to reverse the Commissioner's decision and remand this case for a rehearing. Defendant agrees that this case should

be remanded to reevaluate Plaintiff's mental impairments and mental limitations, and also to reevaluate, if appropriate, the materiality of any alcohol abuse.  However, Defendant does not agree to a remand to reevaluate Plaintiff's physical impairments and physical limitations.  Instead, Defendant asks the Court to either affirm the Commissioner's findings regarding Plaintiff's physical impairments and physical limitations, or find that his errors in assessing those matters were harmless.

Pursuant to the parties' agreement, the Court will remand this case for further proceedings to reevaluate Plaintiff's mental impairments and mental limitations and also, if appropriate, to reevaluate the materiality of any alcohol abuse.  Additionally, for the reasons set forth below, the Court has determined to remand this case to reevaluate Plaintiff's physical impairments and physical limitations.

### A. *Reevaluation of Plaintiff's Mental Impairments and Alcohol Abuse*

The Court will remand this case to the Commissioner for further evaluation of Plaintiff's mental impairments and mental limitations.  On remand, the ALJ is directed to reevaluate Plaintiff's mental impairments in accordance with *Social Security Ruling 96-8p*, 1996 WL 374184, and 20 C.F.R. §§ 404.1520a, 416.920a, 404.1545, 416.945, and other applicable law.  In doing so, the ALJ should provide a rationale for his evaluation of the effects of Plaintiff's mental impairments on his functioning, including the severity of Plaintiff's ability to maintain attention and concentration.  The ALJ should also provide a rationale for his evaluation of the opinion of consulting psychologist Michael Rodriguez, Ph.D., dated September 17, 2000.  (*R. at 441-466.*)  Additionally, the ALJ should consult a vocational expert, if necessary, to clarify the effects of any assessed limitations on Plaintiff's ability to perform other work.

On remand, the ALJ should also determine if Plaintiff is abusing alcohol. If the ALJ finds that Plaintiff is abusing alcohol and if the ALJ also finds that Plaintiff is disabled, then the ALJ should follow the guidelines for evaluating the materiality of alcohol abuse set forth in 20 C.F.R. §§ 404.1535, 416.935. S*ee also, Drapeau v. Massanari*, 255 F.3d 1211, 1214-1215 (10th Cir. 2001) (holding administrative law judge must follow the procedure outlined in 20 C.F.R. § 416.935 to determine if alcoholism is a contributing factor material to disability of applicant for supplemental security income).

### *B. Reevaluation of Plaintiff's Physical Impairments*

Plaintiff argues that the ALJ erred in his evaluation of Plaintiff's physical impairments in determining Plaintiff's RFC by failing to address the testimony of medical expert Edwin Cruz, M.D. Dr. Cruz testified at the first administrative hearing that Plaintiff "should be able to walk, do light walking . . . [a]round the block . . . and at a slow pace." (*R. at 284.*) Plaintiff argues that this testimony detracts from a finding of the ability to perform light work.[2] Plaintiff asserts that the ALJ should have addressed this testimony in his decision and, if he did not adopt it, explain why pursuant to *Social Security Ruling 96-8p*, 1996 WL 374184. Plaintiff also argues that the ALJ erred in failing to discuss findings by two state agency physicians. These non-examining physicians found that Plaintiff had postural limitations to only occasional climbing, balancing, stooping, kneeling, crouching and crawling. (*R. at 40, 62.*) Plaintiff contends that the ALJ should have addressed these postural limitations in his decision and, if he did not include them in his RFC finding, explain why pursuant to *Security Ruling 96-6p*, 1996 WL 374180.

---

[2]*See* 20 C.F.R. §§ 404.1567(b), 416.967(b) (physical exertion requirements for light work).

The Court agrees that the ALJ should have discussed in his decision[3] the testimony of Dr. Cruz regarding Plaintiff's walking and explained how he found that Plaintiff had the RFC to perform a full range of light work given this testimony. "The RFC assessment must always consider and address medical source opinions. If the RFC assessment conflicts with an opinion from a medical source, the adjudicator must explain why the opinion was not adopted." *Social Security Ruling 96-8p*, 1996 WL 374184 at *7. Additionally, the ALJ should have discussed the postural limitation findings of the state agency physicians in his decision pursuant to *Social Security Ruling 96-6p*, 1996 WL 374180 at *4, and explained why he did not include these limitations in his RFC assessment. An administrative law judge "must consider and evaluate any assessment of the individual's RFC by a State agency medical or psychological consultant and by other program physicians or psychologists" and "RFC assessments by State agency medical or psychological consultants or other program physicians or psychologists are to be considered and addressed in the decision as medical opinions from nonexamining sources about what the individual can still do despite his or her impairment(s)." *Id.*

The Court does not agree with Defendant that these were harmless errors. The assessment of Plaintiff's ability to walk, and the assessment of any postural limitations, are significant to the assessment of his RFC and the determination of whether Plaintiff is capable of a full range of sedentary or light work. If, on remand, the ALJ finds nonexertional limitations, an RFC assessment for less than a full range of sedentary work will be much more significant than an RFC assessment for less than a full range of light work. "'Sedentary work' represents a significantly restricted range

---

[3]The ALJ mentioned Dr. Cruz' testimony that Plaintiff should be able to walk slowly around the block in his decision but did not discuss it further. (*R. at 302.*)

7

of work" and the "impact of an RFC for less than a full range of sedentary work is especially critical for individuals who have not yet attained age 50." *Social Security Ruling 96-9p*, 1996 WL 374185 at *2-*3.

Accordingly, the Court will remand this case to the Commissioner for further evaluation of Plaintiff's physical impairments and physical limitations. On remand, the ALJ is directed to reevaluate Plaintiff's physical impairments in accordance with *Social Security Rulings 96-8p* and *96-6p*, and other applicable law. In doing so, the ALJ should discuss the testimony of Dr. Cruz regarding Plaintiff's ability to walk and the postural limitation findings of the state agency physicians, and provide a rationale for his evaluation of such testimony and findings. Additionally, the ALJ should consult a vocational expert, if necessary, to clarify the effects of any assessed limitations on Plaintiff's ability to perform other work. By this remand, the Court does not intend to rule out the possibility that the ALJ will reach the same conclusion regarding Plaintiff's RFC, *i.e.,* that Plaintiff is capable of performing a full range of light work, provided that the ALJ is able to demonstrate there is substantial evidence for that conclusion taking into account the testimony of Dr. Cruz and the postural limitation findings of the state agency physicians.

## IV. Conclusion

Based on the foregoing, the Court will **GRANT** Plaintiff's motion and **REMAND** this case to the Commissioner for further proceedings, including a rehearing, if necessary, consistent with the Court's rulings in this Memorandum Opinion and Order.

**WHEREFORE, IT IS HEREBY ORDERED** that Plaintiff's Motion to Reverse and Remand for a Rehearing (*Doc. 17*) is **GRANTED** and this case is **REMANDED** to the

Commissioner for further proceedings, including a rehearing, if necessary, consistent with this Memorandum Opinion and Order.

**IT IS SO ORDERED.**

*Lourdes A. Martínez*
_____
**LOURDES A. MARTÍNEZ**
**UNITED STATES MAGISTRATE JUDGE**
**Presiding by Consent**